United States District Court
Middle District of Florida
Jacksonville Division

**HELENE M. SMITH,**

    **Plaintiff,**

**v.**                                                                                                           **NO. 3:20-cv-1180-LLL**

**NELSON, MULLINS, RILEY &
SCARBOROUGH, LLP,**

    **Defendant.**
_____

**Order Regarding Motion to Compel Discovery and Establish Standard of Review**[1]

Before the Court is Plaintiff's Motion to Compel Discovery and to Establish the Standard of Review, doc. 19. Defendant filed a response in opposition, doc. 21, and both parties filed supplemental briefing with leave of court, docs. 26, 28. After review of the filings and arguments of the parties, the Court finds plaintiff's request to compel discovery should be granted in part; and plaintiff's request to establish the standard of review should be denied without prejudice pending the completion of discovery.

## Background

Plaintiff Helene Smith sues defendant Nelson, Mullins, Riley & Scarborough, LLP (Nelson Mullins) for payment of health care benefits pursuant to an employee

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. *See* Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, doc. 10, filed January 25, 2021; Order, doc. 11, entered January 27, 2021.

1

welfare benefit plan (plan) under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 *et seq*. Plaintiff seeks relief under 29 U.S.C. § 1132(a)(1)(B), which provides that a civil action may be brought by a beneficiary "to recover benefits due to him under the terms of his plan, [or] to enforce his rights under the terms of the plan . . . ." *See* complaint, doc. 1. Plaintiff is a member and beneficiary of the plan; defendant Nelson Mullins is the plan administrator; Blue Cross & Blue Shield of South Carolina ("BCBS") is the claims administrator; and, relevant to the issues in this case, Companion Benefit Alternatives ("CBA") is the behavioral health claims administrator. *Id*. at 2.

In her complaint, plaintiff alleges her treating psychiatrist, Dr. Merritt, opined that she needed inpatient treatment to detox from Oxycodone and treat her depression. *Id*. at 3. Plaintiff confirmed that such a program was available at Johns Hopkins Hospital and believed that the plan would cover her treatment. *Id*. Two psychiatrists at Johns Hopkins reviewed plaintiff's medical records and evaluated her in person on April 11, 2017; they determined she should be admitted for inpatient care. *Id*. at 3-4. Dr. Kevin Strouse, M.D., one of the psychiatrists at Johns Hopkins, examined plaintiff and diagnosed her with major depressive disorder and opioid dependence with withdrawal. *Id*. at 4. Dr. Strouse opined that plaintiff would "benefit from inpatient admission for treatment of her low mood, opioid taper, neck pain[,] and headaches as well as connection to outpatient care." *Id*. Plaintiff alleges CBA, the behavioral health claims administrator for defendant, denied approval for her admission to Johns Hopkins based on a psychiatrist associated with CBA who, despite not examining

plaintiff in person, concluded inpatient admission was not medically necessary. *Id*. Although CBA declined approval, plaintiff elected to be admitted to Johns Hopkins. *Id*. During her time there, plaintiff's treating psychiatrists recommended continued inpatient hospitalization. *Id*. Plaintiff now seeks $72,833.61, which includes reimbursement with interest, for the cost of her stay at Johns Hopkins; she also requests the attorneys' fees and costs associated with bringing this action. *Id*. at 5.

Plaintiff filed this motion requesting the Court 1) compel discovery beyond the administrative record and 2) establish the applicable standard of review for this action. *See generally* doc. 19. The parties disagree on the applicable standard of review; plaintiff claims the case should be determined under a de novo standard and defendant claims the applicable standard is arbitrary and capricious. Docs. 19 at 3-17; 26 (plaintiff's filings); 21 at 5-13; 28 (defendant's filings). Plaintiff also requests the Court grant discovery beyond the administrative record, claiming it is warranted under either standard of review. Doc 19 at 17-24. In response, defendant argues plaintiff is not entitled to any materials beyond the administrative record and plaintiff's request should be denied under either standard of review. Doc. 21 at 13-19.

## Authority

ERISA was designed "to promote the interests of employees and their beneficiaries in employee benefit plans and to protect contractually defined benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 113 (1989) (internal quotations and citations omitted). A plan participant or beneficiary may bring a civil action under ERISA "to recover benefits due to him under the terms of his plan, to enforce his rights

3

under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B).

Although ERISA provides no standard for reviewing decisions of plan administrators, the Supreme Court has established three standards for reviewing a plan administrator's decision under ERISA: "(1) *de novo* where the plan does not grant the administrator discretion; (2) arbitrary and capricious where the plan grants the administrator discretion; and (3) heightened arbitrary and capricious where the plan grants the administrator discretion[,] and the administrator has a conflict of interest." *Capone v. Aetna Life Ins. Co.*, 592 F.3d 1189, 1195 (11th Cir. 2010) (emphasis in original) (citing *Firestone*, 489 U.S. at 109). The de novo standard applies to a denial of benefits challenged under § 1132(a)(1)(B) "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone*, 498 U.S. at 115; *see also Alexandra H. v. Oxford Health Ins. Inc. Freedom Access Plan*, 833 F.3d 1299, 1312 (11th Cir. 2016) (citation omitted) ("[I]n ERISA cases, the default standard of review is de novo unless the plan vests discretion in the plan administrator to determine benefit claims.").

Regarding plaintiff's request for discovery, "[w]hen reviewing a denial of benefits under the *de novo* standard of review, where the plan does not grant the administrator discretion, the court may examine facts not before the administrator." *Rosser-Monahan v. Avon Products., Inc.*, 227 F.R.D. 695, 697 (M.D. Fla. 2004) (emphasis in original) (citing *Kirwan v. Marriott Corp.*, 10 F.3d 784, 790 n.31 (11th Cir. 1994)). "On the other hand, under the arbitrary and capricious standard, where the plan

4

expressly grants the administrator discretion, the court may consider only the facts known to the administrator at the time the decision was made to deny [ ] coverage." *Id*. at 697-98. (alteration in original) (internal quotations and citations omitted). Even under an arbitrary and capricious standard of review, a plaintiff can properly engage in discovery for facts that may have been known to the administrator "whether or not those facts were reduced to paper, and whether or not those facts were included in the file which [a defendant] deems its 'administrative record.'" *Id*. at 698 (citation omitted). Thus, discovery is permissible to assist the Court in evaluating the following, known as the *Cerrito* factors:

> 1) the exact nature of the information considered by the fiduciary in making the decision; 2) whether the fiduciary was competent to evaluate the information in the administrative record; 3) how the fiduciary reached its decision; 4) whether, given the nature of the information in the record, it was incumbent upon the fiduciary to seek outside technical assistance in reaching a 'full and fair' review of the claim; and 5) to determine whether a conflict of interest existed.

*Cerrito v. Liberty Life Assurance Co.*, 209 F.R.D. 663, 664 (M.D. Fla. 2002) (citations omitted); *see also Mendiola v. Prudential Ins. Co. of Am.*, No. 8:13-CV-396-T-35EAJ, 2013 WL 12159509, at *4 (M.D. Fla. July 26, 2013) (noting that, even under an arbitrary and capricious standard, discovery is permissible to evaluate *Cerrito* factors); *Weatherup v. Prudential Ins. Co. of Am.*, No. 8:15-cv-2298-T-35EAJ, 2016 WL 7031330, at *3 (M.D. Fla. Mar. 4, 2016) (permitting limited discovery in ERISA case prior to determining the applicable standard of review); *Rhode v. CSX Transp. Inc.*, No. 3:20-cv-480-J-34MCR, 2020 WL 10457820, at *2 (M.D. Fla. Oct. 20, 2020) ( "[e]ven in ERISA cases

where the arbitrary and capricious standard applies to the administrator's decision, discovery is generally permitted to assist the courts in evaluating the [*Cerrito* factors]).

## Analysis

As noted above, the parties disagree as to what standard of review applies to defendant's decision to deny benefits. Plaintiff believes the applicable standard of review is de novo because the plan does not contain an express and unambiguous grant of discretion and, even if it did, defendant did not delegate that discretion to BCBS (the claims administrator), or CBA (the behavioral health claims administrator that determined plaintiff's hospitalization was not medically necessary). Doc. 19 at 2-3. Defendant counters the plan contains a clear grant of discretionary authority to defendant as the plan administrator, which was properly delegated to BCBS and CBA to render a decision on plaintiff's behavioral health claim. Doc. 21 at 6.

In support of its argument that the applicable standard is arbitrary and capricious, defendant points to language in the plan which states that defendant may pay covered expenses upon receipt of "due proof of loss" when a non-participating provider renders services. *Id*. at 7. Although defendant asserts that the plan contains "several grants of discretionary authority," the "due proof" clause is the only language relied upon to support its argument that the plan contains an express and unambiguous grant of discretion. *See* docs. 21 at 6-11; 28 at 1-5. Defendant argues the purported grant of discretion in the plan itself—the "due proof" clause—is reinforced by additional language in a summary plan description (SPD); however, defendant maintains that the language in the plan itself, and not the SPD, is a sufficient grant of

6

discretion to necessitate review under the arbitrary and capricious standard. Doc. 21 at 10 ("Nelson Mullins is not arguing that the SPD forms the legal basis for its discretionary authority . . . . [r]ather, the grant of discretionary authority originates from the Plan document."). Defendant argues the plan properly delegates its purported discretion to BCBS and CBA to determine whether requested services are medically necessary, which is a requirement for services to be covered, *id.* at 11-13.[2]

Plaintiff requests discovery beyond the administrative record, claiming that such discovery is warranted under either standard of review and, further, that the requested materials are relevant to establish the proper standard of review. In support, plaintiff argues the information and materials contained in the administrative record may not constitute all of the facts and information known to defendant at the time plaintiff's claim was decided; and, under either standard of review, discovery is permissible to obtain information relevant to the *Cerrito* factors. Doc. 19 at 16. Defendant claims, however, that, under the arbitrary and capricious standard, the court must limit itself to the facts known to the administrator at the time the decision was rendered, which defendant equates to the administrative record. To the extent the court is inclined to allow limited discovery beyond the administrative record, defendant argues the requested materials are irrelevant and/or not narrowly tailored to the claims and defenses at issue in this case. Docs. 21 at 14-19; 28 at 5-7. Although

---

[2] Although it is not dispositive of the issue here, the Court notes that the plan indicates whether a service is medically necessary is not the *only* requirement for payment to be rendered, *see* doc. 19-1 at 56, ¶ A.

the Court has not yet determined the applicable standard of review here, it finds plaintiff is entitled to some limited discovery under either standard of review. The Court addresses each of plaintiff's discovery requests individually:

### 1) Request for Production 2

Plaintiff requests:

> [c]opies of every iteration of the Plan documents since the inception of the Plan (including the Benefit Booklet, Schedule of Benefits, and all endorsements, amendments, riders, and addenda.

Docs. 19 at 17; 19-3 at 12. Plaintiff claims this will help establish whether the plan was properly amended, which is relevant to establish the standard of review. Doc. 19 at 17-18. Defendant objects, claiming the request is overbroad and contains no time limitation. Doc. 21 at 16. The Court agrees plaintiff's request requesting every iteration of the plan booklet since its inception is overbroad. The Court does find, however, that some if this information may be relevant, particularly because defendant relies on specific language in the plan, as well as the SPD, to support its assertion that the arbitrary and capricious standard is appropriate. Thus, plaintiff may submit a more narrowly tailored request for this RFP.

### 2) Request for Production 6

Plaintiff requests:

> [c]opies of all documents providing notice to beneficiaries of the Administrative Service Agreement and/or information in the Administrative Service Agreement."[3]

Docs. 19 at 18; 19-3 at 18. Plaintiff claims that language in the administrative service agreement (ASA) may be relevant to establish the standard of review and thus, whether the beneficiaries were properly noticed of the ASA is also relevant. Doc. 19 at 18. Defendant objects on the basis that it does not rely on the ASA for its arguments relating to the standard of review and argues that whether beneficiaries were noticed is irrelevant. Doc. 21 at 16-17. The Court finds, however, that the requested information is relevant because the ASA was furnished as part of the administrative record; the fact that defendant does not rely on this information at this juncture does not equate to a finding that it is irrelevant. *See* administrative record, doc. 34-10 at 23-62 ("administrative services agreement" between Nelson Mullins and BCBS). Defendant shall provide the information.

### 3) Request for Production 7

Plaintiff seeks

> [c]opies of all documents providing notice to beneficiaries that the Plan Administrator granted Blue Cross Blue Shield of North Carolina the discretionary authority to render claim decisions and/or the authority to

---

[3] Although plaintiff's RFP differs in the motion, doc. 19, the attached "Plaintiff's First Request for Production of Documents," doc. 19-3 at 13, constitutes RFP 6. Further, plaintiff's argument in her motion, doc. 19, refers to the language above. *See id.* at 18. Thus, it appears plaintiff's inclusion of different language was error.

9

> determine the extent of Benefits (if any) to which any Member is entitled under the Plan.

Docs. 19 at 19; 19-3 at 13. This information is relevant given that defendant relies on language in the plan purporting to grant discretionary authority to BCBS to make determinations on whether services are medically necessary. *See* doc. 21 at 11-13. Defendant's sole objection is that plaintiff requests information regarding Blue Cross Blue Shield *North* Carolina instead of Blue Cross Blue Shield *South* Carolina. *Id*. at 17. Given that the information is highly relevant to the standard of review and defendant's objection is based on what appears to be a scrivener's error, plaintiff shall be afforded an opportunity to amend this RFP. In the event the error is corrected, defendant shall provide the information.

### 4)   Response for Production 9 and Interrogatory 1

In RFP 9, plaintiff seeks

> [a]ll of Defendant's and/or any Vendor's claims manuals, procedures, internal rules, guidelines, protocols, instructional materials, training materials or other documents detailing the claims handling process for processing health care claims in effect during Plaintiff's claim.

Docs. 19 at 19; 19-3 at 13. Similarly, Int. 1 asks defendant to

> [i]dentify all of Defendant's and/or any Vendor's claims procedures, internal rules, guidelines, protocols, or manuals for the processing, investigation, and/or determination of claims for health care benefits applicable to Plaintiff's claim [and to] [s]eparately indicate which of those procedures, rules, guidelines, protocols, or manuals identified were relied upon and by whom in making all benefit determinations in Plaintiff's Claim . . . .

Docs. 19 at 20; 19-6 at 9. Defendant objects to both, claiming the "coverage guidelines specific to the healthcare claims at issue" have been produced with the administrative

record. Doc. 21 at 17. Defendant claims the training manuals are irrelevant because plaintiff has not raised the issue of whether the fiduciary was competent. *Id.* Although plaintiff does not directly raise the issue of whether the fiduciary was competent, she does argue that the claims decision was wrongly made. *See generally* doc. 1. Moreover, in its argument regarding the applicable standard of review, defendant references language in the plan which purports to give BCBS and CBA the discretion to use and rely on medical and behavioral "standards, policies, guidelines, criteria, protocols, manuals, publications, studies, or literature" to determine if a procedure is medically necessary. Doc. 21 at 12. Thus, defendant relies on language referencing the very materials plaintiff seeks in RFP 9 and Int. 1. Defendant shall provide the information; if defendant has already produced the relevant materials, it shall state so.

### 5) Responses for Production 15 and 16

In RFP 15, plaintiff seeks:

> Copies of all documents in existence during Plaintiff's claim relating to quality assurance procedures or audit procedures that Defendant had in place to ensure that any Vendors it hires or consults in a health care claim or appeal review provide accurate, independent, and reliable information and/or separately, to ensure that said Vendors are acting in accordance with their agreement with Defendant and in compliance with the standards set by Defendant.

Docs. 19 at 21; 19-3 at 14-15. In RFP 16, plaintiff seeks:

> Copies of all documents in existence during Plaintiff's claim relating to quality assurance procedures or audit procedures that Defendant had in place to ensure that any employees, adjusters, claim staff, and/or in-house consultants involved in a health care claim or appeal review provide accurate and reliable information and claim or appeal determinations, and to ensure they are acting in accordance with

11

> Defendant's claim and appeal procedures and in compliance with standards set by Defendant.

Docs. 19 at 21; 19-3 at 15. Defendant does not address RFP 15 in its response. *See* doc. 21 at 17. Regarding RFP 16, defendant claims the request is moot because BCBS South Carolina already provided responsive documents. *Id*. Defendant makes no objection based on relevancy or overbreadth. *See generally id*. Thus, defendant shall provide any responsive information in its possession, if any exists. If defendant does not possess any additional information, aside from what was already produced by BCBS, it shall state so.

### 6) Response for Production 19

> Plaintiff seeks:
>
> Copies of each and every Curriculum Vitae, Resume, and/or other documents evidencing the qualifications of all mental health and/or medical professionals employed by or contracted with Defendant and/or any Vendor, who were involved in Plaintiff's claim or appeal at any time during Plaintiff's claim.

Docs. 19 at 21-22; 19-3 at 15. Defendant again objects solely on the basis that BCBS South Carolina already provided these documents. Doc. 21 at 18. Thus, defendant shall provide any responsive information in its possession. If defendant does not possess any additional information, aside from what was already produced by BCBS, it shall state so.

### 7) Interrogatory 3

> Plaintiff asks defendant to:
>
> [e]xplain the relationship between Blue Cross Blue Shield of Florida and Companion Benefit Alternatives, Inc.

12

Docs. 19 at 22; 19-6 at 10. Defendant argues that 1) BCBS of Florida is not involved in this case;[4] and 2) it is not in a position to explain the relationship between two third-party entities. Doc. 21 at 18. The Court agrees that defendant is not the proper entity to explain the relationship between two other entities. Thus, plaintiff's motion as to this request is denied.

### 8) Interrogatory 6

Plaintiff asks defendant to:

> [i]dentify all medical and/or mental health professionals (including doctors, nurses, psychologists, psychiatrists, therapists, social workers or other professionals other than the Plaintiff's treating providers) who rendered a Report or opinion for Defendant and/or any Vendor [who] reviewed records for Defendant and/or any Vend[o]r in regards to Plaintiff's claim, without regard to whether the Report or opinion was relied upon in making a determination in Plaintiff's Claim.

Docs. 19 at 23; 19-6 at 11. Defendant claims the administrative record and the records plaintiff received from BCBS are sufficient to identify these persons. Doc. 21 at 18. It is unclear if defendant's objection means that, from its perspective, all of the relevant information has been provided. Thus, defendant shall provide the requested information; if defendant does not possess any additional information aside from what plaintiff already has, it shall state so.

---

[4] This appears to another error on the part of plaintiff, as the relevant entity is BCBS South Carolina.

### 9)    Interrogatory 7

Plaintiff asks defendant to:

> [i]dentify all verbal or written communication and/or correspondences between Defendant and/or any Vendor and legal counsel prior to the initiation of the subject lawsuit relating to and/or regarding Plaintiff's claim for health care treatment coverage and state the date, subject matter, and nature of such communications and/or correspondences and identify the persons involved in the communications and/or correspondences.

Docs. 19 at 23; 19-6 at 12. Defendant objects on the basis that plaintiff's request is vague and that it "should not be required to respond to this interrogatory in any event." Doc. 21 at 18-19. The Court agrees that, as written, the request is overbroad. Plaintiff may submit a more narrowly tailored request.

### 10)   Interrogatory 8

Plaintiff asks defendant to:

> List the name and, if known, the address and telephone number of each individual likely to have discoverable information in the subject lawsuit along with the subjects of that information.

Docs. 19 at 24; 19-6 at 12. Defendant argues that it should not be required to provide this information because it goes beyond the administrative record. Doc. 21 at 19. As discussed above, limited discovery is allowable under either standard of review. Thus, defendant shall respond to the request; if it is not aware of any responsive information, it shall state so.

It is **ordered**:

1) Plaintiff's motion to compel discovery is **granted in part and denied in part**, as follows:

    a) As to Requests for **Production 2 and 7; and Interrogatory 7**, plaintiff's motion to compel is **denied without prejudice**. Plaintiff may provide more narrowly tailored or corrected requests. If plaintiff chooses to do so, she shall provide these to defendant on or before **October 10, 2022.** If the parties still disagree after 1) reviewing the principles outlined in this order and 2) engaging in a good-faith conferral and attempt to resolve the dispute, plaintiff shall re-file her motion to compel, with the amended requests, on or before **October 31, 2022.**

    b) As to **Requests for Production 6, 9, 15, 16, and 19; and Interrogatories 1, 6, and 8,** plaintiff's motion to compel is **granted**. Defendant shall provide the information **on or before October 10, 2022.**

    c) As to **Interrogatory 3**, plaintiff's motion to compel is **denied.**

2) Plaintiff's motion to establish the standard of review is **denied without prejudice** pending the completion of the discovery as outlined above. If, after discovery is completed, either party wishes to file a motion regarding the appropriate standard of review, it shall do so **on or before November 30, 2022.**

3) The parties' motions for summary judgment, docs. 32 and 33, are **denied without prejudice** pending completion of the discovery as outlined above. The parties may file any updated motions for summary judgment after the conclusion of discovery as outlined in this order and shall do so on or before **December 16, 2022**. The parties must file any responses to the motion(s) for summary judgment on or before **January 6, 2023** and must file any replies to the response(s) on or before **January 20, 2023,** in accordance with the procedure outlined in Local Rule 3.01.

**Ordered** in Jacksonville, Florida on September 19, 2022.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
Alicia Paulino-Grisham, Esquire
Michael B. Decembrino, Esquire
Timothy J. Connor, Esquire